UNITED STATES DISTRICT COURT
For The District of Columbia
Civil Division

**FILED**

**JUL 2 9 2009**

Clerk, U.S. District and
Bankruptcy Courts

JEFFREY M. YOUNG-BEY, Pro-se
14100 McMullen Highway, S.W.
Cumberland, MD 21502.
                    Plaintiff

            v.

ESTHER D. ELDER.
818 Freedom Drive
Charlotte, NC 28208; and,

WENDELL C. ROBINSON, ESQ.
D.C. Bar No. 377355
4208 Georgia Ave. N.W.
Washington D.C. 20011

CASE # _____

Suit to QUIET TITLE and
$7.5 Million in damages
in lol, inter;
Defamation/False Light;
Legal Malpractice,
Fraud + Deceit;
Trover + Conversion;
Nuisance;
Emotional Distress; and,
Breach of Fiduciary Duty
inter alia.

(JURY TRIAL DEMANDED)

## COMPLAINT

(Jurisdiction)

Case: 1:09-cv-01414
Assigned To : Unassigned
Assign. Date : 7/29/2009
Description: Pro Se Gen. Civil

**JURY ACTION**

1. The jurisdiction of this court is founded in "Diversity of Citizenship" as provided under Title 28, United States Code, Section 1332.

**RECEIVED**

JUL - 6 2009

Clerk, U.S. District and
Bankruptcy Courts

1

## PARTIES INVOLVED

2. The plaintiff, JEFFREY M. YOUNG-BEY, is incarcerated at the North Branch Correctional Institution in Cumberland, MD; and, is a citizen of the State of Maryland;

3. The defendant, ESTHER D. ELDER, resides at 3119 Freedom Drive, Charlotte NC; and, is a citizen of the State of North Carolina;

4. The defendant, WENDELL C. ROBINSON, is an attorney-at-law having a place of business at 4308 Georgia Avenue, N.W., Washington D.C.; and, is a citizen of the District of Columbia;

5. The plaintiff is appearing, herein, in his personal capacity "pro se" and in his capacity as the personal representative of the decedent, EDWARD L. YOUNG'S ESTATE. Each defendant is being sued in their personal, professional and official capacities.

## BACKGROUND FACTS

6. In early May of 1994, the plaintiff and decedent, EDWARD LEE YOUNG. Together, agreed to pay attorney William T. Massey, $5,000.00 to prevent them from being subjected to litigation against them for a debt incurred, by another family member, involving real estate situated in the District of Columbia, known as 35 Bryant Street N.W. (Lot 20, Square 51601).

7. During the course of plaintiff and decedent (EDWARD) finalizing the above described transaction; the plaintiff was arrested and attorney Massey proposed to the plaintiff and Edward that Massey could arrange to have the title to the real property in question, transferred into issues of the plaintiff, decedent or in any manner desired.

8. Due to plaintiff's incarceration, however, the defendant (ELDER) assumed the responsibility and role as an advisor and confident to Edward... and, gradually, assumed negotiating with attorney Massey, without the advice and consent of either the plaintiff.

9. Meanwhile, Edward's health began to fail. These circumstances allowed the defendant (ELDER) an opportunity to arrange with attorney Massey to have the title to the subject property changed while the defendant

secretly negotiated with the Nominal (New) grantees;
by Quit Claim from Passes, to purchase their purported
ownership interests, without the knowledge and consent
of either the plaintiff or Edward. (emphasis)

10. As a result, the defendant (ELDER) engaged in an
unlawful conveyance as defined by D.C. Code 3+5-3101(1)
which prohibits co-owners from granting 100% of
their "interest in property" to others, with the consent
of all "the" owners. To be sure, Edward was not
party to the defendant (ELDER'S) transaction.

11. Further, the defendant (ELDER) and her grantors failed
to acknowledge the plaintiff's tenancy and right to
first refusal and to purchase the grantors interests
being conveyed as required by D.C. Code 3+2-3405.03
and §42-3404.34 (defining "sale").

12. Once Edward discovered that the defendant (Elder)
had deceive him, Edward filed a lawsuit (pro se)
against Elder, but, she avoided "service of process"
and refused to communicate with the plaintiff and/or
with Edward.

13. Edward, then, asked the plaintiff to join him in his effort to sue Elder. Accordingly, the plaintiff filed a lawsuit in the Superior Court of the District of Columbia captioned as <u>Young-Bey v. Elder, et al.</u> 07-CA-7638 R(RP).[*]

14. Therein, Elder originally appeared "pro se." Then, she retained the assistance of the defendant (ROBINSON). On May 27, 2008, Robinson promised the plaintiff (before the court) that he would send by mail to the plaintiff a duplicate discovery package, immediately. Plaintiff had been promised Robinson's compliance since late August 2008. (Defendant crossed the line between "legal vs. illegal" advocacy.)

15. No less, Robinson requested the plaintiff's permission to let him view Edward's video-taped will and misrepresented to the plaintiff's family that he (Robinson) had been authorized by the Superior Court to title and keep physical possession of the video. Robinson, also, advised the court that he would attend the plaintiff's post-conviction hearing to "observe." Defendant Robinson and Elder, also, offered to agree to a dismissal of the plaintiff's case against Elder ... without prejudice, until the plaintiff was released from jail (because the Superior Court could not bring the plaintiff to court for a jury trial).

---

[*] For other reasons, that case was, now, before the D.C. Court of appeals from an interlocutory order denying partial summary judgment.

-6-

16. On June 26, 2009 a "status hearing" was held before the D.C. Superior Court (Ross, J.) in the matter of Youngblood and Elder. The plaintiff appeared by telephone and the defendants (Elder and Robinson) appeared, personally, in a crowded open court.

17. When Youngblood's case was called, the court asked defendant (Robinson) report on the "status" of the case. At that time, defendant, Robinson, advised the court that the plaintiff had lied to the court on May 2, 2009 about being scheduled for a postconviction hearing (challenging ineffective assistance of counsel) on June 9, 2009 before the Circuit Court of Baltimore County, M).

18. In fact, defendant (Robinson) advised the court that No Judge Daniels existed and implied that the plaintiff lied to the Superior Court to frustrate and disrupt the courts proceedings. Rather, the defendant stated that the only matter before a court in Maryland was a civil matter. (emphasis).

19. In sum, the defendant (Robinson) from the time he was retained as the defendant (Elder's) counsel up to the present has willfully, wantonly and knowingly:
a) borne false witness against the plaintiff; b) defended, asserted and controverted frivolous issues in bad faith before the court; c) unreasonably delayed litigation to prejudice the

plaintiff as opposing counsel; d) made false statements of fact and law to the court; e) failed to disclose material facts in order to aide the defendant (ELDER) with her fraudulent acts; f) failed to disclose legal authority directly adverse to his clients position but not disclosed by the plaintiff as opposing counsel, because not then known to the plaintiff; g) made misrepresentations of material facts to the court that he knew or should have known were false; h) unlawfully obstructed the plaintiff's access to evidence; i) counseled and assisted his client (Elder) to, also, obstruct the plaintiff's access to evidence; j) disregard (knowingly) his obligations under the rules of the court; K) failed to make a reasonably diligent effort to comply with plaintiff's lawful discovery requests; l) engaged in conduct intended to disrupt the court; m) made statements and implied to plaintiff (and others related to the plaintiff) that lead them to misunderstand his role was other than it actually, was; and, n) used means before the court that had no substantial purpose other than to embarrass, delay and burden the plaintiff, as opposing counsel, where such means violated the plaintiff's rights.[2]

20. Defendant (ROBINSON) owed, but failed to honor and fulfill, a duty to the plaintiff to obey the rules of professional conduct for attorneys in the District of Columbia. As a result of the foregoing the plaintiff, further alleges TO WIT:

_____

2. In sum, defendant (Robinson) contrived to place plaintiff in a false light before the court, etc.

## FIRST CAUSE OF ACTION
(Invasion of Privacy (False Light))

21. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

22. Defendants published and made defamatory matters and statements that placed the plaintiff before the public in a false light;

23. Defendants' false light statements and matters would be highly offensive to a reasonable person;

24. Defendants had knowledge of and acted in reckless disregard as to the falsity of the statements and published matters made and the false light in which the plaintiff would be placed by the defendants' statements; and,

25. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

SECOND CAUSE OF ACTION
(GROSS NEGLIGENCE)

26. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

27. Defendants owed the plaintiff a duty to exercise ordinary and due care in not harming the plaintiff;

28. Defendants breached their duty owed to the plaintiff;

29. Defendants acted willfully, wantonly and with reckless disregard for plaintiff's immunity and rights; and,

30. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE plaintiff seeks compensatory and punitive damages, in the amount aforesaid, including attorneys fees and costs.

THIRD CAUSE OF ACTION
(Negligence)

31. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 30, above, as though stated in full herein:

32. Defendants owed the plaintiff to exercise ordinary and due care in not harming the plaintiff;

33. Defendants breached their duty owed to the plaintiff; and,

34. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages, in the amount aforesaid, including attorney fees and costs.

(Note: A trial attorney may not advocate for a client in a way that violates his code of ethics, established by local law... any more than an ordinary person may avoid liability for failing to exercise ordinary and due care in not harming another)

FOURTH CAUSE OF ACTION
(Malicious Interference)

35. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 25, above, as though stated in full herein;

36. Defendants owed the plaintiff a duty to not interfere with the plaintiff's economic advantages, contracts, business relations, civil rights and choses in action with third parties;

37. Defendants unlawfully and wrongfully breached their duty owed to the plaintiff;

38. Defendants acted knowingly, willfully and wantonly with deliberate indifference and reckless disregard for the plaintiff's humanity and rights; and,

39. Plaintiff suffered damage in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE, the plaintiff seeks compensatory and punitive damages against the defendants, in the amount aforesaid, including attorney's fees and costs.

FIFTH CAUSE OF ACTION
(Negligent Interference)

40. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 39, above, as though stated in full herein;

41. Defendants owed the plaintiff a duty to not interfere with the plaintiff's economic advantages, contracts, business relations, civil rights and choses in action with third parties;

42. Defendants breached their duty owed to the plaintiff, and,

43. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE the plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys' fees and costs.

SIXTH CAUSE OF ACTION
(Conversion + Trover)

44. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein:

45. Defendants did take and withhold from the plaintiff real property described as 25 Bryant Street N.W. (Lot 96, Square 3127) Situated in the District of Columbia, personal property, legal documents and, among other things, the video-taped "LAST WILL and TESTAMENT" of the decedent, EDWARD LEE YOUNG, without the plaintiff's permission for them to do so;

46. Defendants acted willfully and knowingly with intent to harm the plaintiff; and,

47. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE, The plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

SEVENTH CAUSE OF ACTION
(Fraud + Deceit)

48. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein:

49. Defendants made false statements to the plaintiff in reference to the following material facts: i) that they only wanted to look at the "shortaped will" of Edward Lee young rather than to confiscate it from the plaintiff's possession and administer it; ii) that they would, promptly, provide answers to plaintiff's discovery requests; iii) that they would had, already, mailed TWO LARGE envelopes to the plaintiff containing defendants discovery answers: iv) that they were prevented by prison mailroom authorities to send to or receive from the plaintiff any mail matter addressed to the plaintiff, etc.; v) that they only wanted a return of their principal without interest for money they spent helping plaintiff; and, vi) that they only wanted to do what was best to help the plaintiff:

50. Defendants made such statements with knowledge of their falsity;

51. Defendants intended to deceive the plaintiff; and,

52. Plaintiff relied on the defendants representations to the plaintiffs detriment and suffered damages in the amount of $7,500,000.00, U.S. currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

EIGHTH CAUSE OF ACTION
(Breach of Fiduciary Duty)

53. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

54. Defendants owed the plaintiff a fiduciary duty in their, respective, roles and relationships with the plaintiff;

55. Defendants breached their fiduciary duty of ordinary, reasonable care, trust, good will and fair dealing that they owed to the plaintiff;

56. Defendants acted maliciously, intentionally and wantonly; and,

57. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE; the plaintiff seeks compensatory and punitive damages, in the amount aforecited, against the defendants; jointly and severally, including attorneys fees and costs.

NINTH CAUSE OF ACTION
(Legal / Professional Malpractice)

58. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein.

59. Defendants were employed (and/were opposing counsel) against the plaintiff; had a special relationship with the plaintiff and owed the plaintiff a duty, to adhere to the rules of legal and professional advocacy and Court rules [3];

60. Defendants breached their duty owed to the plaintiff; and,

_____

3. Cf., Young-Bey v. Elder, et al. D.C. Sup. Ct. Case # 07-CA-4938R (RP).

61. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE, the plaintiff seeks compensation and punitive damages against the defendants, jointly and severally, in the amount aforestated, including attorneys fees and costs.

### TENTH CAUSE OF ACTION
(Constructive Fraud)

62. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1 through 20, above, as though stated in full herein:

63. Defendants had a special relationship with the plaintiff and made false statements to the plaintiff, privately, publicly and before an open session of the Superior Court of the District of Columbia (Rose, J.);

64. Defendants owed and breached their legal and ethical duties owed to the plaintiff to act in good-faith and fair dealing; and,

65. Plaintiff just justly relied on the defendants' false representations to the plaintiff to the plaintiff's detriment and plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency as a direct and proximate

as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE the plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

ELEVENTH CAUSE OF ACTION
(Breach of Contract)

66. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

67. Defendants were engaged in contractual relationships with the plaintiff and breached their contracts;

68. Defendants owed the plaintiff a duty to perform their contracts, promises and inducements; and,

69. Plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), U.S. Currency as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforestated, including attorneys fees and costs.

TWELFTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)

70. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

71. Defendants caused the plaintiff to suffer severe emotional distress;

72. Defendants conduct was extreme and outrageous;

73. Defendants conduct was intentional, malicious and wanton; and,

74. Plaintiff suffered damages in an amount equal to SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), U.S. Currency, as a direct and proximate cause of the Defendants' acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

THIRTEENTH CAUSE OF ACTION
(Quiet Title)

75. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein:

76. Defendants acquired title to 35 Bryant Street N.W., Washington D.C. 20001 (Lot 20, Square 3127) fraudulently and in violation of the laws of the District of Columbia;

77. Defendants acts, errors and omissions have prejudiced the plaintiff's right to have and to hold the subject property "free and clear" of the defendants fraudulent claims and unlawful trespass; and,

78. Plaintiff, being lawfully entitled to the above described premises, suffered damages in an amount equal to $7,500,000.00, U.S. Currency, as a direct and proximate result of the defendants' acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the aforesaid amount, including attorney fees and costs.

FOURTEENTH CAUSE OF ACTION
(Wasteful Destruction of Property)

79. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

80. Defendants from as early as 1994, up to and including the present, has caused waste and destruction of the premises and appurtenances and property upon and within 35 Bryant Street, N.W., Washington, D.C. (Lot 96, Square 3127)

81. Defendants acted wantonly and maliciously, caused diminution in the properties' value and,

82. Plaintiff suffered damages in an amount equal to SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), U.S. Currency, as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, in the amount aforestated, including attorney fees and costs.

FIFTEENTH CAUSE OF ACTION
( Private Nuisance )

83. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein.

84. Defendants have continued to unreasonably interfere with the plaintiff's use and enjoyment of the subject premises, plaintiff's personal property and appurtenances.

85. Defendants acts are malicious, reckless and wanton.

86. Defendants are disturbing the plaintiff's comfort and threaten foreseeable future injury and disturbance to plaintiff's comfort and quiet upon said premises and.

87. Plaintiff is suffering damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), U.S. Currency, as a direct and proximate cause of the defendants' acts, errors and omissions. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, in the amount aforesaid, including attorney fees and costs.

SIXTEENTH CAUSE OF ACTION
(Unjust Enrichment)

88. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein.

89. Defendants became enriched to the prejudice of the plaintiff;

90. Defendants knowingly and willingly received an unconscionable economic advantage over the plaintiff; and,

91. Plaintiff suffered damages in the amount of SEVEN MILLION FIVE HUNDRED THOUSAND DOLLARS ($7,500,000.00), U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE plaintiff seeks compensatory and punitive damages against the defendants, in the amount aforestated, including attorneys fees and costs.

SEVENTEENTH CAUSE OF ACTION
(Negligent Mis-representation)

22. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 20, above, as though stated in full herein;

23. Defendants owed the plaintiff a legal and equitable duty of care and truthfulness.

24. Defendants intended their statements, i.e, errors and omissions would be acted upon by the plaintiff and, in making false statements, breached their duty to plaintiff;

25. Defendants knew that plaintiff would foreseeably rely on their statements, which, if erroneous, would cause the plaintiff loss or injury;

26. Plaintiff, justifiably, took actions and made omissions in reliance on defendants' statements and suffered damages in an amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE, Plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

EIGHTEENTH CAUSE OF ACTION
(Intentional Misrepresentation)

97. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30, above, as though stated in full herein;

98. Defendants made false representations to the plaintiff;

99. Defendants knew of their falsity and made false statements with reckless indifference as to their truthfulness;

100. Defendants statements were made for the purpose of defrauding the plaintiff;

101. Plaintiff relied on the defendants' misrepresentations and had a right to rely on them; not suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants' misrepresentations. WHEREFORE, plaintiff seeks compensatory and punitive damages against the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

NINETEENTH CAUSE OF ACTION
(Breach of Implied Warranty)

102. Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 30, above, as though stated in full herein;

103. Defendants implicitly warranted that they would deal with the plaintiff fairly, in good faith, lawfully and according to the rules governing lawyer professional responsibility in the District of Columbia;

104. Defendants breached their duty owed to the plaintiff; and,

105. Plaintiff suffered damages in the amount of $7,500,000.00, U.S. Currency, as a direct and proximate cause of the defendants acts, errors and omissions. WHEREFORE Plaintiff seeks compensatory and punitive damages from the defendants, jointly and severally, in the amount aforesaid, including attorneys fees and costs.

Relief Sought

106. Plaintiff, accordingly, prays that this court shall issue an ORDER to QUIET TITLE, directing the D.C. Recorder of DEEDS to record title to 35 Bryant Street N.W., Washington, D.C. (Lot 26, Square 3127) in the Name of the "BERTHA YOUNG FAMILY, Limited Partnership (a D.C. Corporation) with the plaintiff, JEFFREY M. YOUNG-BEY, as the General Partner and RICKY RICARDO YOUNG, TIJUANA YOUNG and CHERYLE THERESA YOUNG as Limited Partners; and, that it shall, further

107. ORDER defendants, jointly and severally, to pay to the plaintiff compensatory and punitive damages in the amount of $7,500,000.00, U.S. Currency, including attorneys fees and costs.

WHEREFORE, I ask for this.

RESPECTFULLY SUBMITTED,

JEFFREY M. YOUNG-BEY, #307-X2
Plaintiff's Attorney / Pro Se
14100 McMullen Highway S.W.
Cumberland, MD 21502
(301) 729-7400

ACKNOWLEDGMENT

I DO HEREBY declare under penalty of perjury as provided by Title 28, United States Code, Section 1746 that the foregoing is a just and true statement of facts and of the amount owing by the defendants to the plaintiff, exclusive of all set-offs and just grounds of defense. FURTHER I SAYETH NAUGHT.

June 30, 2009
Dated: _____

Jeffrey M. Young-Bey #307-062
Affiant/Declarant