**FILED**
JUL 29 2009
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JEFFREY M. YOUNG-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. **09 1414** |
| ) | |
| ESTHER D. ELDER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed.

Plaintiff alleges that Esther D. Elder unlawfully has obtained from the late Edward Lee Young title to real property in Northwest Washington, notwithstanding plaintiff's tenancy and right of first refusal to purchase the property. He further alleges that Ms. Elder and her attorney, Wendell C. Robinson, have acted unlawfully and unethically in defending the lawsuit plaintiff has filed in the Superior Court for the District of Columbia against Ms. Elder. Generally, plaintiff brings breach of contract and common law tort claims arising from the defendants' conduct in the course of the Superior Court proceedings. He demands compensatory and punitive damages totalling $7,500,000.

The Court presumes without deciding that it has diversity jurisdiction over this matter based on plaintiff's allegations that the parties are citizens of different states and that the matter in controversy exceeds $75,000. *See* 28 U.S.C. §1332(a). "In general, '[t]he rule is well recognized that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Reiman v. Smith*, 12 F.3d 222, 223

(quoting *McClellan v. Carland*, 217 U.S. 268, 282 (1910)). However, a federal district court "may exercise its discretion to decline jurisdiction for the purpose of judicial economy only in truly exceptional circumstances . . . after weighing a number of factors, including the inconvenience of the federal forum, the order in which the courts assumed jurisdiction, the desirability of avoiding piecemeal litigation, whether federal or state law controls and whether the state forum will adequately protect the interests of the parties." *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 352 (D.C. Cir. 2003) (internal quotation marks and citations omitted); *see Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976). "For example, the district court may abstain from exercising jurisdiction in certain exceptional circumstances of parallel, duplicative litigation in the interest of sound 'judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Foster-el v. Beretta U.S.A. Corp.*, 163 F. Supp. 2d 67, 70 (D.D.C. 2001) (quoting *Colorado River*, 424 U.S. at 817).

Plaintiff represents that the Superior Court proceedings, initiated in 2007, have not concluded and that an interlocutory appeal is pending before the District of Columbia Court of Appeals regarding an order denying a motion for partial summary judgment. It appears that this court's exercise of jurisdiction would serve only to waste judicial resources. The underlying litigation pertains to the disposition of real property located in the District of Columbia, a matter properly before the Superior Court. Accordingly, the Court will dismiss this action without prejudice. *Cf. Williams v. Warden - Central Detention Facility*, 538 F. Supp. 2d 74, 77-78 (D.D.C. 2008) (denying petition for writ of habeas corpus filed by petitioner detained at the D.C. Jail pending trial so that the petitioner could present the merits of his case to the Superior Court).

An Order consistent with this Memorandum Opinion will be issued separately on this same date.

_____
Royce C. Lamberth
United States District Judge

DATE: 7/29/09