FILED
OCT 3 0 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Jeffrey M. Young-Bey, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 09-1414 (UNA) |
| | ) | |
| Esther D. Elder et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER VACATING PRIOR ORDER AND BARRING PRISONER FROM PROCEEDING IN FORMA PAUPERIS

Plaintiff, a prisoner proceeding pro se, has submitted a motion to reinstate his case, which was dismissed on jurisdictional grounds by order dated July 29, 2009. Because the plaintiff is barred from filing in forma pauperis, the prior order granting him leave to proceed in forma pauperis will be vacated, and his motion to reinstate will be denied as moot.

Federal law requires a court to dismiss a complaint filed without prepayment of the filing fee any time the court determines that the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B). If a prisoner has three such dismissals in civil actions or appeals, he is no longer permitted to proceed in forma pauperis, unless he can show that he is in "imminent danger of serious physical injury." 28 U.S.C. §1915(g).

In at least three prior civil actions or appeals, the plaintiff's cases were dismissed because they were frivolous or failed to state a claim. In *Young-Bey v. Swanson,* 3 Fed. Appx. 929 (10th Cir. Feb. 23, 2001), the Tenth Circuit's decision expressly affirmed the district court's dismissal of the plaintiff's consolidated cases on the grounds that they were frivolous and failed to state a

claim. Both the district court decision and the appeals court decision count as strikes. *See Thompson v. DEA*, 492 F.3d 428, 433, 436 (D.C. Cir. 2007). In *Young Bey v. Department of Justice et al.*, Civil Action No. 88-1757, 1989 WL 15849 (D.D.C. Feb. 13, 1989), the court dismissed the plaintiff's complaint because the unstated, but implied, claims either failed to state a claim upon which relief could be granted or sought damages from those immune from damages. In *Young-Bey v D.C. Board of Parole*, Civil Action No. 88-476 (D.D.C. Dec. 7, 1988), and in *Young-Bey v. Barry et al.*, Civil Action Number 88-705 (D.D.C. June 19, 1990), the court granted the defendants' motions to dismiss the plaintiff's Section 1983[1] complaints for failure to state a claim upon which relief could be granted, or in the alternative for summary judgment. In *Young-Bey v. Rudasill*, Civil Action Number 89-2448 (D.D.C. September 19, 1989), the court sua sponte dismissed the plaintiff's Section 1983 action for failure to state a claim upon which relief may be granted.[2] Because the plaintiff had accumulated at least three strikes before he filed this case, he should have been barred from filing without first pre-paying the filing fee in full. 28 U.S.C. § 1915(g). Accordingly, it is hereby

ORDERED that the portion of the Order issued July 29, 2009, granting leave to the plaintiff to proceed in forma pauperis is VACATED; it is further

ORDERED that the plaintiff's motion to reinstate this case is DENIED as moot; and it is further

---

[1] 42 U.S.C. § 1983.

[2] Subsequent to filing this action, the plaintiff accumulated another strike. *See Young-Bey v. Robinson,* Civil Action No. 09-1669 (D.D.C. September 2, 2009) (dismissing the complaint for failure to state a claim upon which relief may be granted).

ORDERED that the prisoner-plaintiff is barred by application of 28 U.S.C. § 1915(g) from proceeding in forma pauperis.

Date: 10/26/09

United States District Judge